WILLIAM C. GALLOWAY ET AL., APPELLEES, V. MER-
CHANTS BANK OF NELIGH ET AL., APPELLANTS.

FILED OCTOBER 16, 1894.   NO. 5846.

1. Decree Canceling Mortgage and Ordering Return of
   Notes: FRAUD. The evidence examined, and *held* sufficient
   to sustain the finding and decree of the lower court.

2. Fraud in Procuring Notes and Mortgage: Cancella-
   tion: EQUITY. Where a party intentionally misrepresents a
   material fact or produces a false impression with the purpose to
   mislead or to obtain an undue advantage of another, it amounts
   to a positive fraud, to remove the results of which a court of
   equity will afford a remedy.

APPEAL from the district court of Antelope county.
Heard below before ALLEN, J.

*W. M. Robertson*, for appellants.

*N. D. Jackson, contra.*

HARRISON, J.

April 30, 1891, the appellees herein filed a petition in
the district court of Antelope county alleging, in substance,
after pleading the corporate character of appellant and de-
fendant the Merchants Bank of Neligh, that on or about
January 25, 1890, appellees were indebted to the bank,
and being desirous of effecting a loan on some real estate
then owned by them and situated in Antelope county, in
order to pay the debt to the bank, and being solicited by
the bank to make an application to or through it for such
loan, made an application in writing in which all the terms
and conditions of the loan to be made were generally stated,
except that no mention was therein made of the rate of in-
terest which should be paid on the money loaned if the
loan should be obtained, the contract in regard to the rate

of interest to be paid by appellees on any loan effected for them being that they were to pay such a rate of interest as might be demanded by the party with whom the loan was negotiated or effected, and no more, the bank not to charge or receive any commission or bonus for making the loan. It was further agreed that the president of the bank should go east for the purpose of procuring the loan, the appellees to pay all the necessary expenses of the journey. Pursuant to this understanding a trip was made to New York by the president of the bank, and a loan of $12,000 negotiated for appellees with one Henry L. Pratt, the rate of interest to be seven per centum per annum; that the appellee executed notes for the $12,000, payable to Henry L. Pratt, or order, with interest at seven per cent per annum, and a real estate mortgage to secure its payment, and executed ten notes of $120 each, payable to Henry L. Pratt, or order or bearer, whether to order or bearer being one of the facts in dispute in the case, the appellees stating that these ten notes were made payable to Henry L. Pratt or order, and altered after delivery and without their knowledge by the erasure of the word " order " and insertion of "bearer." These ten notes were payable on the first of the months of January and July of the five years succeeding 1889, ending with January, 1894, and were secured by a mortgage on real estate in Antelope county, which was particularly described in the petition; that appellees were induced to execute the ten notes and the mortgage securing the same by the representations of the officers of the bank to the effect that Henry L. Pratt demanded nine per cent interest per annum on the $12,000 loaned to appellees, but desired it divided as above indicated for his convenience, which representations were false and untrue, but were relied upon by appellees and by them taken as true, and believed; that the bank retained the ten notes and the mortgage securing them, and three of them were paid by appellees before they discovered that they belonged to the bank

and not to Pratt, and had been retained by it as a commission or bonus for making the loan contrary to the terms of the agreement between the bank and appellees, and the further fact that Pratt had demanded and was to receive only seven per cent on the $12,000 loan. It is further alleged that they paid a bill of $365, claimed by the bank to be the expenses of effecting and perfecting the loan. The prayer of the petition was for a cancellation of the remaining seven notes of $120 each and the mortgage securing them, the quieting of title in plaintiffs to the real estate covered by the mortgage, and a judgment against the bank for the amount of the three notes paid to it. The answer of the bank admitted the existence and corporate character of the bank and denied each and every other allegation of the petition except the payment of the three notes of $120, and stated, or admitted, they were paid to Pratt. The answer filed for Henry L. Pratt admitted that the bank existed and was incorporated as stated in the petition; further admitted the execution of the notes and mortgages as alleged in the petition, and that he made the loan of $12,000 to bear interest at the rate of seven per centum per annum, and stated his understanding was and is that the ten notes for $120 each were for the sum charged by the bank as a commission for negotiating or effecting the loan of $12,000, and denied all the other allegations of the petition, and for further answer or cross-bill declared upon the seven notes of $120 each as belonging to and being owned by the defendant Henry L. Pratt, and asked for foreclosure of the mortgage securing them for alleged breach of its conditions in regard to payment of the notes. The appellees filed a reply to these several answers, in which all new matter in the answers was denied and the fact of the alteration of the ten notes was pleaded, and it was further alleged that Pratt was not the owner of the seven $120 notes, but that they had been delivered to him in fraud of appellees' rights, and to prevent them from obtaining relief in this

action, and that Pratt well knew, and was informed at the time the notes were delivered to him, all the facts and circumstances attending their execution as pleaded in the petition. A trial of the issues to the court resulted in the following findings and decree, from which the bank and Pratt have appealed to this court, to-wit:

"Be it remembered, that on this 29th day of June, A. D. 1892, this cause came on to be heard before the court, the plaintiffs appearing by N. D. Jackson, their attorney, the defendant by W. M. Robertson, its attorney, and the evidence was submitted to the court, and the court, after hearing the argument of counsel, and being fully advised in the premises, finds for the plaintiffs, and that the allegations contained in the plaintiffs' petition are true; that on or about the 25th day of January, 1889, the defendant the Merchants Bank of Neligh negotiated for the plaintiffs a loan for the sum of $12,000 from the defendant Henry L. Pratt; that the contract between the plaintiffs and the defendant the Merchants Bank of Neligh for the negotiation of said loan was in writing, except the contract as to the rate of interest to be paid by the plaintiffs; that the defendant the Merchants Bank of Neligh agreed with the plaintiffs, at the time of the execution of said contract, that the rate of interest on said loan would be such rate of interest as the said defendant the Merchants Bank of Neligh would be enabled to negotiate said loan for in the east, and that the plaintiffs would not be required to pay any other or greater rate of interest than that for which the note could be negotiated, and that plaintiffs should not be required to pay the defendant the Merchants Bank of Neligh any commission fees or charges except the actual expenses incurred in negotiating said loan; that the said loan was negotiated for the purpose of paying an indebtedness to the said defendant the Merchants Bank of Neligh; that at the time of the execution of the notes and mortgages securing the said loan, the defendant the Merchants Bank

of Neligh falsely represented to the plaintiffs that the rate
of interest demanded by the defendant Henry L. Pratt, to
whom the said note had been negotiated, was nine per cent,
and that the defendant Henry L. Pratt desired the plaint-
iffs to execute and deliver to the defendant Henry L. Pratt
a note for the sum of $12,000, drawing interest at the rate
of seven per cent per annum, payable semi-annually, and
ten notes for the sum of $120 each, representing the re-
mainder of the nine per cent interest, one payable in six
months from the date of execution of said notes and one
each six months thereafter, until said notes were fully paid;
that thereupon the plaintiffs, relying upon the representa-
tions of the defendant the Merchants Bank of Neligh, exe-
cuted and delivered to the defendant the Merchants Bank of
Neligh, for the use and benefit of the defendant Henry L.
Pratt, a note for the sum of $12,000, drawing interest at the
rate of seven per cent per annum, and a mortgage upon the
property in Antelope county securing the same, and ten
notes of $120 each, payable to Henry L. Pratt or bearer,
one payable on the 1st day of July, 1889, and one each six
months thereafter, and to secure the payments of said notes
executed and delivered to the defendant the Merchants Bank
of Neligh, for the use and benefit of the defendant Henry
L. Pratt, a mortgage upon the following described real es-
tate, situate in Antelope county, Nebraska, to-wit, block
22, in the city of Neligh, and the said mortgage was filed
for record in the office of the county clerk of Antelope
county, Nebraska, on the 28th day of January, 1889, at
3 o'clock P. M. and recorded in book 'W' of Mortgages,
at page 483; and that the plaintiffs also paid the defend-
ant the Merchants Bank of Neligh about the sum of
$365 expenses in negotiating said loan; the plaintiffs
have paid the note for $120 which matured on the 1st
day of July, 1889, and the note for $120 which matured
on the 1st day of January, 1890, and the note for $120
which matured on the 1st day of July, 1890.    The court

further finds that the defendant the Merchants Bank of Neligh negotiated said loan to the defendant Henry L. Pratt at an agreed rate of interest, and that the rate charged and received by the defendant Henry L. Pratt was seven per cent, and no more; that the defendant the Merchants Bank of Neligh did not deliver to the defendant Henry L. Pratt the said ten promissory notes of $120 each, nor the proceeds thereof, but unlawfully, and in fraud of the plaintiffs' rights, converted said ten notes to their own use and benefit. The court further finds that the three notes paid aforesaid by plaintiffs were paid to the defendant the Merchants Bank of Neligh, believing that said notes belonged to the defendant Henry L. Pratt, and before the discovery of the fact that the defendant the Merchants Bank of Neligh had converted said notes to its own use. The court further finds that after the payment of the three notes aforesaid the defendant the Merchants Bank of Neligh conveyed the remaining seven notes to the defendant Henry L. Pratt, but that the defendant Henry L. Pratt acquired the title and possession of said notes with a full knowledge of the fact hereinbefore enumerated. The court further finds that no consideration was ever paid by the defendant the Merchants Bank of Neligh or received by the plaintiffs for the said ten notes of $120 each and the mortgage securing the same, and that said notes and mortgage are fraudulent and void and that the plaintiffs are entitled to have the same surrendered to them and the said mortgage canceled and the cloud created thereby upon the title to the plaintiffs' property, to-wit, block 22, in the city of Neligh, Antelope county, Nebraska, removed.

"It is therefore considered, adjudged, and decreed by the court that the defendant surrender to the plaintiffs the seven notes of $120 each, payable as follows: One each on the first days of the months of January and July, 1891; one each on the first days of January and July, 1892; one each on the first days of January and July, 1893, and the

one which matures on the first day of January, 1894; and that the mortgage given to secure the same, to-wit, the mortgage executed by the plaintiffs and filed in the office of the county clerk of Antelope county, Nebraska, on the 28th day of January, 1889, at 3 o'clock P. M., and recorded in book 'W' of Mortgages at page 483, be, and the same hereby is, canceled and annulled and rendered wholly void and of no force and effect, and that the cloud created by the said mortgage upon the title of the plaintiff be, and the same hereby is, removed ; and the defendants, and each of them, are enjoined and restrained from claiming any lien, title, or other interest in said property by virtue of said mortgage, and that the plaintiffs have and recover from the defendant the Merchants Bank of Neligh the sum of $410, with interest thereon at the rate of seven per cent per annum from this date ; to all of which findings the defendants at the time excepted.

"And afterwards, to-wit, on the same day, the day the said cause came on for hearing upon the motion of the defendant for a new trial, and the court, after hearing the argument of the counsel, and being fully advised in the premises, overruled said motion, to which order, ruling, and judgment of the court the defendants then and there duly excepted, and forty days are allowed to settle bill of exceptions.    It is further ordered that the defendants have and recover from the plaintiffs herein the costs of this action, taxed at $6.93.    Plaintiffs except to that portion of the decree wherein the court finds that the notes in controversy were made payable to Henry L. Pratt or bearer."

The main contention of counsel for appellants in their brief filed is that the findings and decree were not supported by the evidence.    We have read and carefully examined all the testimony in the case and deem it unnecessary to quote from it at large and comment upon it here, but a full consideration of it leads us to conclude that the determination of the district court was sustained by the evidence.

Counsel for appellants further contend that appellees should at least have offered to pay what it was reasonably worth to procure the loan, before asking to have the commission notes and their accompanying mortgage canceled, under the rule that "he who seeks equity must do equity." The evidence shows that they paid the bank $365 for procuring the loan, or as expenses of the trip to New York by the president or officers of the bank to negotiate this loan, in exact pursuance of the terms of the agreement of the parties as contended by appellees, and having determined that the finding of the lower court that the contract was as alleged or claimed by the appellees was sustained by the testimony, the bank must be held to its terms, and having been paid what it agreed to take according to such contract, it has received its whole compensation, and it was unnecessary for the appellees to offer to pay more before they were in a position to ask relief in a court of equity.

Having reached the conclusion that the findings of fact as announced by the judge of the district court were supported by the evidence, we must apply to them the rules which govern courts of equity in affording relief in cases of the nature of the one at bar, and we are satisfied that the case was one that by its facts and circumstances warranted the remedy granted. The rule has been stated in *Barnard v. Roane Iron Co.*, 2 S. W. Rep. [Tenn.], 25, as follows: "It is likewise true that where a party intentionally or by design misrepresents a material fact or produces a false impression, in order to mislead another or to obtain an undue advantage of him, in every such case there is a positive fraud in the fullest sense of the term; nor can it be maintained that the evidence of the fraudulent representations is to be excluded upon the doctrine that all representations are merged in the writings subsequently executed by the parties. This rule has no application when a suit is brought to be relieved against a written instrument on the ground of fraud. The purpose is not to contradict or vary

the terms of the written agreement, but relief is sought upon the ground that, by false representations, the parties are entrapped into an agreement which they would not otherwise have made.    It is not denying the deed nor its terms to insist that it is vitiated by fraud;" citing *Finlay v. King*, 3 Pet. [U. S.], 382. (See, also, *Union Central Life Ins. Co. v. Huyck*, 32 N. E. Rep. [Ind.], 580, and citations.) The decree of the district court is

AFFIRMED.